**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0890-WJM-BNB

DONALD D. PLUMB,

      Plaintiff,

v.

THOMAS P. NEIL, and
RED EAGLE OIL, INC., d/b/a RED EAGLE TRANSPORTATION,

      Defendants.

---

## ORDER DENYING DEFENDANT'S EARLY MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Donald D. Plumb ("Plaintiff") brings this action against Thomas P. Neil ("Neil") and Red Eagle Oil, Inc., d/b/a Red Eagle Transportation ("Red Eagle"), arising out of an automobile accident that occurred on February 20, 2010. (Compl. (ECF No. 3.) Before this Court is Red Eagle's Early Motion for Summary Judgment (the "Motion"). (ECF No. 16.) For the foregoing reasons, the Motion is denied.

### I. BACKGROUND

The following facts are not in dispute. On February 20, 2013, a motor vehicle operated by Plaintiff collided with a tractor-trailer owned by Red Eagle and operated by Neil. (Motion at 2, 3.) Previously, on August 1, 2011, Red Eagle filed a Chapter 11 Voluntary Petition in the U.S. Bankruptcy Court for the District of Wyoming ("Bankruptcy Court"), which triggered an automatic stay of claims against Red Eagle pursuant to 11 U.S.C. § 362 (the "Stay"). (ECF No. 16-1.) On February 14, 2013, Plaintiff requested relief from the Stay. (ECF No. 16-2.)

On February 15, 2013, Plaintiff filed a Complaint in the Adams County District Court (the "Civil Proceedings"), alleging two causes of action against Neil: (1) negligence; and (2) negligence *per se*.  (Compl. ¶¶ 15-27.)  The Complaint also asserted four causes of action against Red Eagle: (1) *respondeat superior* and vicarious liability; (2) negligent entrustment; (3) negligent supervision; and (4) negligent business practices.  (*Id.* ¶¶ 28-51.)

On March 5, 2013, the Honorable Peter J. McNiff of the Bankruptcy Court entered an Order Modifying Stay (the "Order").  (ECF No. 16-3.)  On April 5, 2013, the Civil Proceedings were removed to this Court.  (ECF No. 1.)

On June 27, 2013, Red Eagle filed its Motion, seeking summary judgment on Plaintiff's claims against Red Eagle pursuant to Federal Rule of Civil Procedure 56.  (ECF No. 16)  On July 22, 2013, Plaintiff filed a Response to Red Eagle's Motion (ECF No. 19), and Red Eagle filed a Reply in Support of its Motion on August 5, 2013.  (ECF No. 20.)

The Motion is now ripe for resolution.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49

2

(1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. ANALYSIS

Red Eagle argues that summary judgment is appropriate because Plaintiff's claims against Red Eagle are void due to the Stay. (Motion at 2.) The filing of a bankruptcy petition operates as a stay of:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C.A. § 362; *see also In re Diviney*, 225 B.R. 762, 769 (B.A.P. 10th Cir. 1998). Bankruptcy courts, however, often modify stays to allow litigation to proceed against debtors named in pending civil actions. *See In re Barker-Fowler Elec. Co.*, 141 B.R. 929, 933 (Bankr. W.D. Mich. 1992) ("IT IS ORDERED that the automatic stay is modified as to Jerry W. DeVore to permit Jerry W. DeVore to continue litigation, currently pending in the [state court], against Debtor . . . . ").

There is no dispute that the Stay was in effect when Plaintiff initiated the Civil Proceedings. (Motion at 2, ECF No. 19 at 1.) Thus, the question before the Court is

3

whether Plaintiff was required to re-file the Complaint after the Bankruptcy Court issued the Order.

The Order granted Plaintiff relief from the Stay in order to "proceed in Adams County District Court to prosecute his claims against all parties in interest." (ECF No. 16-3 at ¶1.)  Red Eagle argues that, since the Bankruptcy Court did not include a statement applying the Order retroactively, the Complaint is void and must be re-filed.[1] (Motion at 2, 8); *see also Rushton v. Bank of Utah* (*In re C.W. Min. Co.*), 477 B.R. 176, 191 (B.A.P. 10th Cir. 2012) ("The law in the Tenth Circuit is clear that actions taken in violation of the automatic stay are void *ab initio*; that is, they are without legal effect."). The Court disagrees.

First, the Court finds that the automatic stay had no effect on Plaintiff's claims against Neil, a third party non-debtor.[2]  *See In re Cook*, 520 F. App'x 697, 704 (10th Cir. 2013) ("[T]he automatic stay does not apply to non-debtors . . . .").  The Complaint against Neil was not void when filed, and thus the Civil Proceedings were ongoing when the Bankruptcy Court issued the Order.

 Next, with respect to Plaintiff's claims against Red Eagle, the Bankruptcy Court did not include an explicit statement applying the Order retroactively, nor did it specifically mention the Civil Proceedings.  The Court, however, has the discretion to interpret the Order broadly.  More importantly, Red Eagle has failed to provide this

---

[1] Red Eagle also argues that by Plaintiff not re-filing the Complaint within thirty days of notice of the Order, Plaintiff's claims against Red Eagle are barred by the three-year statute of limitations in Colo. Rev. Stat. § 13-80-101(1)(n).  (Motion at 8-11 (citing 11 U.S.C. § 108(c)).)

[2] The Order also makes clear that the Stay does not affect "other named parties in the Adams County litigation."  (ECF No. 16-3 ¶ 4.)

Court with any authority which stands for the proposition that this Court is without the discretion or authority to apply an Order Modifying Stay retroactively, absent an explicit statement from the bankruptcy court permitting same.

The Bankruptcy Court granted Plaintiff relief from the Stay in order to "proceed" against Defendant.  (ECF No. 16-3 ¶ 1.)  The plain meaning of "proceed" is "*to continue after a pause or interruption; to go on* in an orderly regulated way."  Webster's Ninth New Collegiate Dictionary, 937 (1988) (emphasis added).  The Civil Proceedings were already pending in the Adams County District Court when the Bankruptcy Court issued the Order.  The Court, therefore, interprets the Order as allowing Plaintiff to continue its litigation against Red Eagle.  According, the Court finds that Plaintiff's claims against Red Eagle are not void, and as a result summary judgment is inappropriate.[3]

### III.  CONCLUSION

For the foregoing reasons, Defendant's Early Motion for Summary Judgment (ECF No. 16) is DENIED.

---

[3] Since the Court finds that Plaintiff is not required to re-file the Complaint, it does not need to analyze Red Eagle's remaining argument that the statute of limitations on Plaintiff's claims has run out.  (*See* Motion at 8-11 (citing 11 U.S.C. § 108(c)).)  The Court notes, however, that Red Eagle's argument misinterprets the tolling of the statute of limitations resulting from the Stay.  *See* Colo. Rev. Stat. § 13-80-101(1)(n); 11 U.S.C. § 108(c).  Contrary to Red Eagle's assertion that the statute of limitations ran 30 days after notice of the Order modifying the Stay, the statute of limitations on Plaintiff's civil claim does not end until "30 days after notice of the termination or expiration of the stay."  11 U.S.C. § 108(c)(2).

Dated this 25th day of February, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge